# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00915-WJM-KLM

STACI HANAYIK,

      Plaintiffs,

v.

MOTEL 6 OPERATING, L.P.,

      Defendant.

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

Plaintiff Staci Hanayik ("Plaintiff" or "Ms. Hanayik") and Defendant Motel 6 Operating, L.P. ("Motel 6" or "Defendant") (individually, "Party," and collectively, "Parties") enter into this STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION ("Order"):

1. In this action, entitled *Staci Hanayik v. Motel 6 Operating L.P.*, United States District Court for the District of Colorado, Civil Action No. 12-cv-00915-WJM-KLM, the Parties and non-parties may disclose documents and information that constitutes or contains financial or other business or trade secret information of a proprietary, confidential, or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests. For purposes of this Order, such information shall be referred to as "Confidential Information."

2003848550_1

2. The Party or non-party that in good faith believes the documents and information contain Confidential Information and produces or discloses the Confidential Information shall be the "Designating Party."

3. Confidential Information may include:

 (i) Information set forth in response to discovery requests;

 (ii) Information set forth in documents produced in response to a request for production;

 (iii) Information disclosed during depositions;

 (iv) Any other information disclosed by the Designating Party to any other Party directly or through its counsel that the Designating Party claims in good faith to be its financial or other business or trade secret information of a proprietary, confidential or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests, if the Designating Party, before disclosure to another Party, marks the Confidential Information with the label or stamp as set forth in Paragraph 4 below. If the Confidential Information is in oral or other intangible form, the Designating Party shall identify the information as Confidential Information and, if practical and appropriate, within thirty (30) days after disclosure reduce the Confidential Information to written form with one of the labels or stamps set forth in Paragraph 4 below;

2003848550_1

  (v) Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (i) through (iv), inclusive, above.

4. Documents that contain any Confidential Information shall be stamped or labeled

CONFIDENTIAL
or
CONFIDENTIAL – Subject to Protective Order

5. Deposition testimony that contains Confidential Information may be designated as Confidential Information if counsel, the witness, or the Party whose Confidential Information is to be or was disclosed, states on the record that the portion of the deposition is to be treated as Confidential Information. Additionally, a Party or non-party may designate such Confidential Information in writing within thirty (30) days of the completion of the transcript of such deposition (as certified by the court reporter). After any such written designation, each Party shall be responsible for marking copies of the deposition transcript in their possession with the label or stamp set forth in this Paragraph.

6. An inadvertent failure to designate documents and information as "Confidential Information" shall not constitute a waiver of such a claim and may be corrected by prompt supplemental written notice designating such documents and information as "Confidential." The Party receiving such supplemental written

2003848550_1

notice shall thereafter mark and treat materials so designated as "Confidential Information." Such written notice shall identify with specificity the information or documents that contain such Confidential Information. In addition, if reasonably requested, the Party receiving the Confidential Information shall use its best efforts to retrieve any such inadvertently disclosed Confidential Information from any persons to whom it gave such Confidential Information and who are not otherwise entitled to see such Confidential Information. *KLM*

7. By agreeing to this Order, the Parties have not waived any applicable privilege or work product protection. An inadvertent production of information, documents, or tangible things that should have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity. The Parties agree to abide by the terms of the Scheduling Order entered in this case with respect to the inadvertent production of privileged and protected documents.

8. At any time after the designation of discovery material as "Confidential," counsel for the Party receiving such discovery material may challenge the "Confidential" designation by providing written notice to counsel for the Designating Party of the documents being challenged and basis for the challenge. If the Designating Party does not agree to withdraw the "Confidential" designation, the challenge

2003848550_1

may be raised by a motion to the Court by the designating party ∧ pursuant to MJ Mix's discovery procedure. The parties KLM

agree to meet and confer to try and resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. The Designating Party bears the burden of justifying the "Confidential" designation. The "Confidential" designation shall be maintained until the Court rules on the motion.

9. Confidential Information may not be disclosed to any person other than:

   (i) the Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the parties;

   (ii) copy, data, hosting and other providers of litigation services retained by counsel for the parties for the purposes of the action;

   (iii) the parties and their employees who have a need to know of such information;

   (iv) in-house and outside attorneys for the parties, and those attorneys' respective employees, directly involved in the action;

   (v) court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information;

   (vi) experts or consultants of a Party, provided the requirements of Paragraphs 10 and 11 of this Order are met; and,

    (vii)    a non-party witness who may be examined and may testify concerning such Confidential Information if it appears on its face or from other documents that the witness is the author or recipient of such Confidential Information.

10. Pursuant to Paragraphs 9 of this Order, outside experts or consultants retained for the purposes of this litigation may view Confidential Information if review of such Confidential Information is necessary for such expert or consultant to render his or her opinion.

11. Before a Party discloses Confidential Information to any expert, consultant or non-party witness, the expert, consultant or non-party witness must certify that he or she has read this Order and agrees to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as Exhibit 1.

    (i)    Each "Certification" executed by an expert or consultant or non-party witness shall be retained by counsel who retained him or her, and need not be produced to the Designating Party during the litigation except as necessary in the case of a dispute concerning a violation of this Order.

2003848550_1

(ii) Expert, consultants, and non-party witnesses shall not be allowed to retain copies of the Confidential Information, unless otherwise agreed or ordered.

12. Nothing herein shall prohibit a Party, or its counsel, from disclosing a document designated "CONFIDENTIAL" to the author or recipient of such document.

13. Confidential Information shall be used only for the purposes of this action, *Staci Hanayik v. Motel 6 Operating L.P.*, United States District Court for the District of Colorado, Civil Action No. 12-cv-00915-WJM-KLM. Confidential Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the parties to this Order, or by court order.

14. Each individual who receives any Confidential Information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

15. The recipient of any Confidential Information shall maintain such information in a secure and safe area and in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Order.

16. Depositions:

    (i) Only persons authorized to receive or view Confidential Information shall be permitted to attend portions of depositions during which Confidential Information is disclosed. During the course of a deposition, if the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the Designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

    (ii) Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any such testimony, that all information designated as Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court.

    (iii) The Party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations.

2003848550_1

17. With respect to all motions, the Parties agree that when filing or opposing a discovery motion, counsel must file Confidential Information as well as any materials setting forth the substance of Confidential Information under seal, pursuant to the Federal Rules of Civil Procedure, the local rules of the United States District Court for the District of Colorado, and the Electronic Case Filing Procedures for the United States District Court for the District of Colorado, Version 4.0 (Effective December 1, 2010).

18. "Confidential Information" shall not include information or documents that are or become, without violating this Order and apart from production or disclosure in this litigation, a matter of public record or publicly available by law or otherwise, or that were already lawfully in the possession of the Party and were not acquired under any obligation of confidentiality. *KLM*

19. Nothing in this Order shall prevent a Designating Party from using information it designates as Confidential Information in any manner it desires.

20. Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that Party may consider appropriate.

21. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this litigation, including all appeals, unless otherwise agreed or ordered.  If within thirty (30) days of the conclusion of the litigation, including all appeals, the Designating Party notifies any other Party in writing that it wants Confidential Information to be returned or destroyed, then the other Party shall return all Confidential Information specified by the Designating Party and all copies thereof, including any copies provided to any other persons, except to the extent it contains attorney work product, to the Designating Party or destroy such Confidential Information within thirty (30) days of receipt of such written notice.  The Party destroying such Confidential Information shall certify in writing that such documents have been destroyed, and serve such certification on all Parties within thirty (30) days of receipt of such written notice.  At the conclusion of this litigation, including all appeals, counsel for the Parties may maintain their copies of the Confidential Information, but they shall not use or disclose Confidential Information except as may be permitted by the Designating Party or the Court.

22. This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure.

10 of 13

2003848550_1

23. The agreement to the designation of Confidential Information in this Order does not constitute an admission as to the confidential nature and/or trade secret status of such information. The designation of Confidential Information is not admissible before any trier of fact.

24. This Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the order, as stipulated by the parties and as the Court may deem appropriate from time to time. Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

2003848550_1

Stipulated and agreed this 26th day of September, 2012.

By: *s/ Robert L. Allman*
Robert L. Allman, Esq.
1775 Sherman Street, Suite 2100
Denver, Colorado 80203
(303) 293-9393
(303) 293-3130 (fax)
rallman@allman-mitzner.com

James L. Abrams, Esq.
401 Westwood
Denver, CO  80206
(303) 321-6087
abramsjames@gmail.com

*Attorneys for Plaintiff, Staci Hanayik*

By: *s/ Joy Allen Woller*
Michael D. Plachy, Esq.
Susan S. Sperber, Esq.
Joy Allen Woller, Esq.
One Tabor Center, Suite 3000
1200 17th Street
Denver, Colorado 80202-5855
(303) 623-9000
(303) 623-9222 (fax)
mplachy@rothgerber.com
ssperber@rothgerber.com
jwoller@rothgerber.com

*Attorneys for Defendant, Motel 6 Operating L.P./Motel 6 OLP*

SO ORDERED this 26TH day of September, 2012

BY THE COURT:

_____
United States ~~District Court~~ Judge
Magistrate

# EXHIBIT 1
# CERTIFICATION

I, _____ (print or type name) hereby certify that I have read the STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION in the action entitled *Staci Hanayik v. Motel 6 Operating L.P.*, United States District Court for the District of Colorado, Civil Action No. 12-cv-00915-WJM-KLM that I understand the terms and effect of that Order, and that I agree to be bound thereby. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado in connection with that Order.

I understand that all Confidential Information, as defined in the Order, including, but not limited to any copies thereof or notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be returned upon termination of my services in this action within thirty (30) days following the termination of this litigation, including all appeals.

Date: _____

Signature: _____

Printed name: _____

Full Address: _____

2003848550_1